*(margin: Stone vs Hedges' Trustees.)*

---

## Stone *vs* Hedges' Trustees.

ERROR TO THE BOURBON CIRCUIT.

*Parol gifts. Slaves. Possession.*

*(margin: CHANCERY.)*

*(margin: Case 34.)*

JUDGE BRECK delivered the opinion of the Court.

*(margin: Oct. 13.)*

THE testimony does not very satisfactorily establish a parol gift of the slave in controversy, by Samuel Hedges to Stone or to his wife, who was the daughter of Hedges. But even conceding that fact, we are of opinion Stone has failed in the proof of other facts, which were requisite to sustain his claim to the slave.

According to the construction given by this Court, in *Taylor* vs *Eubank*, (3 *Marshall*, 242,) to the 43d section of the general statute concerning slaves, (2 *St. Laws*, 1480,) a parol gift of a slave, is not good against a *bona fide* purchaser, for a valuable consideration, or creditor of the donor, before the donee has been at least three years in possession. The possession in this case accompanied the gift, under which Stone claims the slave, and remained with him about a year and a half, when the slave was sent by him to the donor, to remain with him as his, Stone's, bailee to be given up when demanded. From that time he remained in the possession of the donor till his failure and the conveyance of his estate, together with this slave, to the defendants in error, in trust

*(margin: Three years possession of a slave passed by gift, is necessary to confer title on the donee against the creditors and purchasers of the donor)*

STONE
vs
HEDGES' TRU'EE.

for the benefit of his creditors. This conveyance was made more than three years after the gift. And the question is, whether the possession of the donor was, in view of the statute, the possession of the donee. The construction of the statute referred to, is aided by reference to the two preceding sections.

The object avowed in the 41st section, is to protect creditors and purchasers against the effects of secret and pretended gifts of slaves, by parents and others, who notwithstanding such gifts, have remained in possession. It provides for gifts of slaves by will or deed in writing. The 42d section has the effect to render valid a parol gift, as between the parties, when actual possession has accompanied it, and remained with the donor. The 43d, to render a parol gift valid, against purchasers and creditors, requires the donee to have been in possession three years. If possession under a parol gift in the donee for a year and a half, and in the donor as his bailee the residue of the three years would pass the title, and render the gift valid as to creditors and purchasers, we perceive no sufficient reason why possession in the donee for a month or a week, and the residue of the three years in the donor as bailee, should not have the same effect. Such a construction, we think, would be at war with the whole spirit of the law, and would afford no protection against the evils and mischiefs, which it was intended to prevent.

It is the possession of the donor, which is calculated to deceive creditors and purchasers, and it was against *that* the statute was intended to guard.

It seems to us, therefore, the possession of the donor, although acquired and held, as contended, as bailee of the donee, cannot, in contemplation of the statute, be construed as the possession of the donee. And consequently, that he had no title which was available against the trustees and creditors of the donor.

The suit instituted by the donee for the slave, against the donor, was after the conveyance to the trustees. They were no parties to it, and were not affected by the judgment which the donee recovered for the slave. The Court was right, therefore, in perpetuating the injunction of the trustees against the judgment.

The object and intention of the Legislature is not affected by deciding that a gift and possession by donee for part of 3 years, and by donor as agent of donee for the remainder of the three years, will confer title on the donee as against the creditors of donor.

Wherefore, the decree is affirmed.

*Harlan & Craddock* for plaintiff: *Robinson & Johnson and Hanson and Smiths* for defendants.